## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 29 2017, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John S. Terry
Stephenie K. Gookins
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEY FOR APPELLEE

James C. McKinley
Martinsville, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| R.B., <br> *Appellant-Respondent,* <br><br> v. <br><br> D.C., <br> *Appellee-Petitioner.* | August 29, 2017 <br><br> Court of Appeals Case No. 29A04-1704-AD-736 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Steven R. Nation, Judge <br><br> Trial Court Cause No. 29D01-1606-AD-767 |

**Pyle, Judge.**

## Statement of the Case

[1]  R.B. ("Biological Father"), who is the biological father of A.R.B. ("Child"), appeals the trial court's order, which determined that, under INDIANA CODE §

31-19-9-8(a)(11)(A), Biological Father is unfit and that his consent to adopt Child was not required. In this appeal, Biological Father attempts to challenge the trial court's determination that he is unfit. Because the trial court's order was neither a final judgment nor an appealable interlocutory order, Biological Father has forfeited his right to appeal. We decline to disregard this forfeiture or to issue an advisory opinion on this premature appeal, and we dismiss the appeal.

[2] We dismiss.

## Issue

Whether Biological Father has forfeited his right to this appeal because the trial court's order determining that Biological Father is unfit was neither a final judgment nor an appealable interlocutory order.

## Facts

[3] Biological Father and Mother married in June 2009 and divorced in 2011. Child was born in December 2009. Biological Father has a history of criminal convictions, including the following: (1) a 2000 conviction for Class D felony residential entry; (2) a 2001 conviction for Class B felony burglary; (3) a 2005 conviction for Class D felony theft; and (4) a 2007 conviction for Class D felony failure to return to lawful detention/escape. At the time Mother married Biological Father, she was unaware of his criminal convictions. During their two-year marriage, Biological Father physically and verbally abused Mother.

Biological Father physically abused Mother "[t]hree, four time a month" and "almost . . . every weekend." (Tr. 11, 12).

[4] On June 23, 2011, Biological Father went to a party, assaulted a woman, and engaged in three acts of criminal deviate conduct against her. The State charged Biological Father with three counts of Class B felony criminal deviate conduct and one count of Class D felony criminal confinement, and it alleged that he was an habitual offender. Subsequently, on the morning of his April 2012 trial, Biological Father pled guilty to all charges and admitted to being an habitual offender. The trial court imposed an aggregate fifty (50) year sentence in the Indiana Department of Correction. Accordingly, Biological Father's current projected release date is August 22, 2037.

[5] Approximately one month after Biological Father had committed the June 2011 offenses, Mother became aware of his crimes and confronted him about it. Biological Father "got angry and abusive with [her] again" and battered her in the presence of one of her children. (Tr. 19). The State charged Biological Father with Class D felony domestic battery, and he later pled guilty to that charge. The trial court sentenced him to two (2) years in the Indiana Department of Correction and entered a no-contact order for Mother.

[6] In May 2016, Mother married D.C. ("Adoptive Father"). Thereafter, on June 23, 2016, Adoptive Father filed a petition to adopt Child. Adoptive Father asserted that the consent of Biological Father was unnecessary under INDIANA CODE § 31-19-9-8(a)(11) because "clear and convincing evidence would

establish that [Biological Father] is unfit to be a parent and the best interest of the child to be adopted would be served if the court dispensed with his consent." (App. Vol. 2 at 8).[1]

[7] Subsequently, on July 29, 2016, Biological Father filed a motion to contest the adoption. The trial court held a hearing on Biological Father's motion to contest in January 2017. The hearing focused *only* on the statutory element of whether Biological Father was unfit under INDIANA CODE § 31-19-9-8(a)(11)(A). Adoptive Father's attorney informed the trial court that he would address the best interest element under INDIANA CODE § 31-19-9-8(a)(11)(B) "at the final hearing[.]" (Tr. 35). The trial court agreed to let Adoptive Father address the best interest issue under subsection (B) of the statute "at a different time." (Tr. 36).

[8] Thereafter, the trial court entered its findings and conclusions. In its order, the trial court specifically stated that "[t]he sole issue before the Court at this juncture of the proceedings [wa]s whether the Petitioner [Adoptive Father] ha[d] established by clear and convincing evidence that [Biological Father] is

---

[1] INDIANA CODE § 31-19-9-8(a)(11) provides as follows:

> Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> * * * * *
>
> (11) A parent if:
>
>> (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and
>>
>> (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

'unfit to be a parent' under Ind. Code [§] 31-19-9-8(a)(11)." (App. Vol. 2 at 43). The trial court concluded that Adoptive Father had met his burden of showing that Biological Father was unfit under INDIANA CODE § 31-19-9-8(a)(11)(A), and it also concluded that Biological Father's consent to adoption was unnecessary. Specifically, the trial court concluded as follows:

> 37. Given [Biological Father's] extensive history of deception, violence and abuse, including domestic violence, his likely inability to provide any meaningful care, support or guidance for the child for the next 17 years, his lack of any meaningful relationship with the child, and not merely because of his incarceration standing alone, [Biological Father] is an unfit parent under Indiana law pursuant to Indiana Code § 31-19-9-8(a)(11), and his consent to the adoption in this case is unnecessary.
>
> IT IS THEREFORE ORDERED ADJUDGED AND DECREED that [Biological Father] is an unfit parent, and the adoption in this case may proceed without his consent.

(App. Vol. 2 at 45). Biological Father now appeals.[2]

# Decision

Biological Father challenges that the trial court's determination, under INDIANA CODE § 31-19-9-8(a)(11), that he is unfit and that his consent to Child's adoption is not required.

---

[2] Biological Father filed a motion to stay the adoption during his appeal, and the trial court denied his motion and appointed pauper appellate counsel.

[10]     We, however, decline to review Biological Father's challenge at this juncture because the trial court's order that he attempts to appeal was neither a final judgment nor an appealable interlocutory order. *See In re Adoption of S.J.*, 967 N.E.2d 1063, 1065-66 (Ind. Ct. App. 2012).

[11]     As set forth in Indiana Appellate Rule 2(H), a judgment is a "final judgment" if:

> (1) it disposes of all claims as to all parties; [or]
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . . under Trial Rule 54(B) as to few than all the claims or parties . . . .

Ind. Appellate Rule 2(H). If an order is not a final judgment, then an appellant may appeal the order only if it is an appealable interlocutory order. See *Adoption of S.J.*, 967 N.E.2d at 1066. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." *Id.* (internal quotation marks and citation omitted). "Non-final orders that are appealable right away—on an interlocutory basis—include those recited in Appellate Rule 14." *In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017).

[12]     In *D.J.*, our supreme court discussed the procedural implications of an appellant who files a "premature" or untimely notice of appeal from a judgment that is not a final judgment. *D.J.*, 68 N.E.3d at 578. The *D.J.* Court applied the rational from *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), which applied to

an untimely notice of appeal that was "belated," and held that a "reviewing court is not deprived of jurisdiction if the notice is untimely—meaning belated or premature." *Id.* The Court discussed the distinction between "jurisdiction" and "forfeiture" and explained that an appellant's untimely notice of appeal results in the forfeiture of the appellant's right to appeal, not the divestiture of an appellate court's appellate jurisdiction. *Id.* at 579. The *D.J.* Court further explained that when an appellant has forfeited his right to appeal, our appellate courts retain "jurisdiction to disregard the forfeiture and resolve the merits" of the untimely appeal. *Id.* The Court, however, emphasized that "it is never error for an appellate court to dismiss an untimely appeal[.]" *Id.*[3]

[13] With this procedural framework in mind, we now turn to Biological Father's attempt to appeal the trial court's order that was neither a final judgment nor an appealable interlocutory order. We find *Adoption of S.J.* to be instructional. In that case, our Court *sua sponte* dismissed an appeal from a trial court's order, which determined that the appellant-father's consent to adoption was not required under INDIANA CODE § 31-19-9-8(a)(11), because the challenged order was neither a final judgment nor an appealable interlocutory order.

---

[3] Indeed, the *D.J.* Court found no error in our Court's lower decision to dismiss D.J.'s appeal; it only disagreed with the stated reason being lack of jurisdiction instead of forfeiture of the right to appeal. *D.J.*, 68 N.E.3d at 576. Ultimately, however, the *D.J.* Court, after applying some of the considerations discussed in *O.R.*, disregarded the appellants' forfeiture and reviewed the merits of their appeal, which challenged the non-final CHINS determination and not the final dispositional order. The final dispositional order, however, had been entered after the appellants filed their notice of appeal and before the trial court clerk had issued the notice of completion of clerk's record, which is the event upon which our appellate court acquired jurisdiction. *See* App. R. 8.

Specifically, we held that an "order concluding that Father's consent to the adoption was not required [wa]s not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the question of whether the adoption petition would be granted for future determination." *Id.* *See* Ind. App. R. 2(H)(1) (explaining that a "judgment is a final judgment if . . . it disposes of all claims as to all parties"). We also concluded that the order at issue was not a final judgment within the meaning of Appellate Rule 2(H)(2) because it did not contain the "magic language" required to meet the "bright line" rule under Indiana Trial Rule 54(B). *See Adoption of S.J.*, 967 N.E.2d at 1065-66. *See also* Ind. App. R. 2(H)(2) (explaining that a "judgment is a final judgment if . . . the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . . under Trial Rule 54(B) as to few than all the claims or parties . . . ."). Finally, our Court explained in *Adoption of S.J.* that the order determining that appellant-father's consent to adoption was not required was not an appealable interlocutory order because it was neither an appealable interlocutory order as of right under Appellate Rule 14(A) nor a discretionary interlocutory appealable order under Appellate Rule 14(B) because the trial court had not certified the order and our Court had not accepted interlocutory jurisdiction over the appeal.

*See Adoption of S.J.*, 967 N.E.2d at 1066. Accordingly, we dismissed the appellant-father's appeal.[4] *Id.*

[14]  Here, as in *Adoption of S.J.*, the trial court's order at issue was not a final judgment under Appellate Rule 2(H) nor was not an appealable interlocutory order. The trial court's order—which determined that Biological Father is unfit under INDIANA CODE § 31-19-9-8(a)(11)(A) and that his consent to adoption was not required—was not a "final judgment" under Appellate Rule 2(H)(1) because it did not dispose of all claims as to all parties and left the question of whether the adoption petition would be granted for future determination.[5] The trial court's order was also not a "final judgment" under Appellate Rule 2(H)(2) because the trial court did not include the "magic language" required to meet the "bright line" rule under Indiana Trial Rule 54(B). *See Adoption of S.J.*, 967

---

[4] We acknowledge that our Court phrased the reason for the dismissal of the appeal in *Adoption of S.J.* as a lack of appellate jurisdiction over the order at issue rather than phrasing it as the appellant-father's forfeiture of the appeal due to an untimely or premature appeal. *Adoption of S.J.* was issued five years before the *D.J.* Court's recent explanation that the procedural result of an untimely or premature notice of appeal should be phrased in terms of a party's forfeiture of the right to appeal instead of our appellate court's lack of jurisdiction. Until our supreme court issued its opinion in *D.J.*, "it was understood that the lack of a final appealable order impacted an appellate court's 'jurisdiction' to entertain an appeal and that dismissal of the appeal was required in such situations." *Manley v. Zoeller*, 77 N.E.3d 1227, 1230 (Ind. Ct. App. 2017). *See Ramsey v. Moore*, 959 N.E.2d 246, 253 (Ind. 2012) (determining that part of a trial court's order was not a final appealable judgment under Appellate Rule 2(H) and dismissing the "appeal for lack of subject matter jurisdiction"). Therefore, while the reason for the dismissal in *Adoption of S.J.* would now be considered mal-phrased, we, nevertheless, find the analysis and reasoning of the case applicable.

[5] Indeed, the ultimate determination of whether Biological Father's consent to adoption was not required under INDIANA CODE § 31-19-9-8(a)(11) could not have been completely determined until the trial court reviewed subsection (B) of that statue and the corresponding issue of whether "the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent." *See* I.C. § 31-19-9-8(a)(11) (requiring that both subsection (A), the determination of unfitness, "and" subsection (B), the determination of best interests, be met before a trial court may determine that a parent's consent to adoption is not required).

N.E.2d at 1065-66. *See also Ramsey v. Moore*, 959 N.E.2d 246, 253 (Ind. 2012) (determining that part of a trial court's order that did not contain the "magic language" of Trial Rule 54(B) was not a final appealable judgment under Appellate Rule 2(H)(2)). Additionally, the trial court's order is not an appealable interlocutory as of right under Appellate Rule 14(A) because it does not fall within one of the categories of Rule 14(A) nor is it a discretionary interlocutory appealable order under Appellate Rule 14(B) because Biological Father neither requested the trial court to certify the interlocutory order nor sought permission from our Court to accept the interlocutory appeal. *See Adoption of S.J.*, 967 N.E.2d at 1066; *see also* App. R. 14. Because the trial court's order is not a final appealable order or an appealable interlocutory order, Biological Father's attempt to appeal the non-final order is untimely—in this case, premature—and results in the forfeiture of this appeal. *See D.J.*, 68 N.E.3d at 578-79. *See also Adoption of S.J.*, 967 N.E.2d at 1065-66. We decline to disregard Biological Father's forfeiture, especially here, where the trial court has not yet issued a final decree or decision of Adoptive Father's petition to adopt Child. *See Manley*, 77 N.E.3d at 1231 ("We do not believe the D.J. opinion should be taken as an invitation to open the floodgates to premature appeals from non-final judgments."). Moreover, the trial court has not yet reviewed the necessary second subsection of the statute—subsection (B) regarding whether the best interests of Child's would be served if the trial court dispensed with Biological Father's consent—in order for the trial court to determine under the statue that Biological Father's consent to adoption was not necessary. *See* I.C. § 31-19-9-8(a)(11). We will not hazard a guess as to the trial

court's future decision on subsection (B) or on its ultimate final determination on the adoption petition. Because there are remaining issues, including the lack of final judgment, any review on the merits of the trial court's determination that Biological Father is unfit under subsection (A) of 31-19-9-8(a)(11) would result in advisory opinion, which we will not do. *See Snyder v. King*, 958 N.E.2d 764, 786 (Ind. 2011) (explaining that a "cardinal principle of the judicial function is that courts should not issue advisory opinions but instead should decide cases only on the specific facts of the particular case and not on hypothetical situations").[6] Accordingly, we dismiss this appeal and remand for further proceedings.

Dismissed.

Riley, J., and Robb, J., concur.

---

[6] Indeed, the review of the unfit issue could be rendered moot if the trial court did not grant Adoptive Father's petition to adopt Child.