## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Douglas M. Grimes
Gary, Indiana

ATTORNEYS FOR APPELLEE

Nicholas A. Snow
Jewell Harris, Jr.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marion Williams,

*Appellant-Defendant,*

v.

Roosevelt Allen, Jr., Gerry J. Scheub, and Michael C. Repay, as Lake County Commissioners, and John Petalas as Lake County Treasurer.

*Appellees-Plaintiffs.*

December 15, 2017

Court of Appeals Case No. 45A03-1705-PL-1125

Appeal from the Lake Superior Court

The Honorable William E. Davis, Judge

Trial Court Cause No. 45D05-1408-PL-91

**Pyle, Judge.**

# Statement of the Case

This is the second interlocutory appeal where Marion Williams ("Williams") has attempted to appeal from a discretionary interlocutory order without obtaining certification from the trial court or permission from this Court. Here, Williams attempts to appeal the trial court's interlocutory order, which granted a motion to take judicial notice filed by Roosevelt Allen, Jr., Gerry J. Scheub, and Michael C. Repay, as Lake County Commissioners, and John Petalas as Lake County Treasurer (collectively, "Lake County"). Because the trial court's order was neither a final judgment nor an appealable interlocutory order, Williams has forfeited his right to appeal. We decline to disregard this forfeiture on this premature appeal, and we dismiss the appeal.

We dismiss.

# Issue

Whether Williams has forfeited his right to this appeal.

# Facts[1]

Because of our disposition of this appeal and the limited facts contained in the record on appeal, we will not delve into detailed facts regarding the underlying

---

[1] We note that, contrary to Indiana Appellate Rule 50, Williams has failed to file an Appellant's Appendix. Lake County has provided our Court with an Appellee's Appendix that contains only the chronological case summary and the interlocutory order on appeal.

case. In June 2014, Lake County filed a complaint against Williams[2] and sought to collect delinquent real estate taxes from him on multiple properties pursuant to INDIANA CODE § 6-1.1-22-10.

[4] As this case proceeded, Williams filed multiple motions for change of venue, the second of which he sought to appeal after it was denied. Our Court, however, dismissed his attempted appeal in February 2016 because Williams did not seek certification of the discretionary interlocutory order that he sought to appeal. *See Williams v. Allen*, No. 45A05-1503-PL-134, *5 (Ind. Ct. App. Feb. 10, 2016), *trans. denied*.

[5] On January 17, 2017, the trial court held a bench trial. At the beginning of the trial, Williams made a request for findings of fact and conclusions of law under Trial Rule 52(A). Lake County presented testimony from a supervisor from the Lake County Treasurer's Office that Williams owed a total of $545,427.24 in delinquent real estate taxes, and it introduced an exhibit containing documents from the treasurer's office showing that Williams owed that amount. Williams did not present any evidence.[3] The trial court took the matter under advisement and instructed the parties to submit proposed findings and conclusions.

---

[2] Lake County also filed the complaint against Jason Williams and Kellie Williams but dismissed these two defendants in February 2016.

[3] After the parties had rested, the trial court asked the supervisor about the distinction between records from the recorder's office versus the treasurer's office as the official record of ownership.

[6] Thereafter, on February 17, 2017, when Lake County filed its proposed findings and conclusions, it also filed a motion, pursuant to Indiana Evidence Rule 201, for the trial court to take "judicial notice of existing public records regarding the ownership of a number of properties by [Williams]." (Tr. Vol. 2 at 66).[4] On February 28, 2017, the trial court entered an order, notifying the parties that it was "withhold[ing] judgment on the case[,]" setting a hearing on Lake County's judicial notice motion, and giving Williams a chance to respond to the motion before the hearing. (Appellees' App. 16).

[7] On April 6, 2017, the trial court held a hearing on the judicial notice motion. Thereafter, on April 25, 2017, the trial court entered an order granting Lake County's motion to take judicial notice of the public records ("interlocutory order"). The trial court's order provided as follows:

> Parties appear by counsel . . . for [a] hearing on [Lake County's] Motion for Judicial Notice of Facts. Argument was heard. The Court sustains the motion and will take judicial notice of the facts contained in the public records submitted. As these facts were made known to the Court and [Williams] after [Williams] rested his case without submitting any testimony or evidence[,] [t]he Court now reopens the evidence in this matter *sua sponte* to allow [Williams] to respond to these newly received facts. This case is scheduled for the presentation of further [evidence] on August 18, 2017 at 9:30 a.m.

---

[4] Lake County's judicial notice motion is not in the record on appeal nor are the public records for which it sought the trial court to take judicial notice.

(Appellees' App. 30).[5] On May 22, 2017, Williams filed a notice of appeal and asserted that he was appealing an interlocutory order as of right under Indiana Appellate Rule 14(A)(1), which is for "the payment of money[.]" Ind. App. R. 14(A)(1).

# Decision

[8] Williams challenges that the trial court's interlocutory order granting Lake County's motion to take judicial notice of public records. He makes no argument regarding the substance or effect of the order. Instead, Williams contends that the trial court's entry of the interlocutory order was "clearly erroneous" because the trial court "never complied" with his Trial Rule 52(A) request for findings and conclusions that he made during the January 2017 bench trial. (Williams' Br. 8).

[9] We, however, decline to review Williams' challenge at this juncture because the trial court's order was neither a final judgment nor an appealable interlocutory order. *See In re Adoption of S.J.*, 967 N.E.2d 1063, 1065-66 (Ind. Ct. App. 2012).

[10] As set forth in Indiana Appellate Rule 2(H), a judgment is a "final judgment" if:

> (1) it disposes of all claims as to all parties; [or]
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . .

---

[5] The trial court later rescheduled the hearing for the presentation of further evidence and ultimately held that hearing September 1, 2017.

under Trial Rule 54(B) as to fewer than all the claims or parties . . . .

Ind. Appellate Rule 2(H). If an order is not a final judgment, then an appellant may appeal the order only if it is an appealable interlocutory order. *See Adoption of S.J.*, 967 N.E.2d at 1066. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." *Id.* (internal quotation marks and citation omitted). "Non-final orders that are appealable right away—on an interlocutory basis—include those recited in Appellate Rule 14." *In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017).

[11] In *D.J.*, our supreme court discussed the procedural implications of an appellant who files a "premature" or untimely notice of appeal from a judgment that is not a final judgment. *D.J.*, 68 N.E.3d at 578. The *D.J.* Court applied the rational from *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), which applied to an untimely notice of appeal that was "belated," and held that a "reviewing court is not deprived of jurisdiction if the notice is untimely—meaning belated or premature." *Id.* The Court discussed the distinction between "jurisdiction" and "forfeiture" and explained that an appellant's untimely notice of appeal results in the forfeiture of the appellant's right to appeal, not the divestiture of an appellate court's appellate jurisdiction. *Id.* at 579. The *D.J.* Court further explained that when an appellant has forfeited his right to appeal, our appellate courts retain "jurisdiction to disregard the forfeiture and resolve the merits" of

the untimely appeal. *Id.* The Court, however, emphasized that "it is never error for an appellate court to dismiss an untimely appeal[.]" *Id.*[6]

[12] With this procedural framework in mind, we now turn to Williams' attempt to appeal the trial court's order that was neither a final judgment nor an appealable interlocutory order. We find *Adoption of S.J.* to be instructional. In that case, our Court *sua sponte* dismissed an appeal from a trial court's order, which determined that the appellant-father's consent to adoption was not required under INDIANA CODE § 31-19-9-8(a)(11), because the challenged order was neither a final judgment nor an appealable interlocutory order. Specifically, we held that an "order concluding that Father's consent to the adoption was not required [wa]s not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the question of whether the adoption petition would be granted for future determination." *Id.* *See* Ind. App. R. 2(H)(1) (explaining that a "judgment is a final judgment if . . . it disposes of all claims as to all parties"). We also concluded that the order at issue was not a final judgment within the meaning of Appellate Rule 2(H)(2) because it did not contain the "magic language" required to meet the "bright line" rule under

---

[6] Indeed, the *D.J.* Court found no error in our Court's lower decision to dismiss D.J.'s appeal; it only disagreed with the stated reason being lack of jurisdiction instead of forfeiture of the right to appeal. *D.J.*, 68 N.E.3d at 576. Ultimately, however, the *D.J.* Court, after applying some of the considerations discussed in *O.R.*, disregarded the appellants' forfeiture and reviewed the merits of their appeal, which challenged the non-final CHINS determination and not the final dispositional order. The final dispositional order, however, had been entered after the appellants filed their notice of appeal and before the trial court clerk had issued the notice of completion of clerk's record, which is the event upon which our appellate court acquired jurisdiction. *See* App. R. 8.

Indiana Trial Rule 54(B). *See Adoption of S.J.*, 967 N.E.2d at 1065-66. *See also* Ind. App. R. 2(H)(2) (explaining that a "judgment is a final judgment if . . . the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . . under Trial Rule 54(B) as to fewer than all the claims or parties . . . ."). Finally, our Court explained in *Adoption of S.J.* that the order at issue was not an appealable interlocutory order because it was neither an interlocutory order as of right under Appellate Rule 14(A) nor a discretionary interlocutory order under Appellate Rule 14(B). The order was not appealable under Appellate Rule 14(A) because none of the specific grounds set forth in Rule 14(A) applied, and it was not appealable under Appellate Rule 14(B) because the trial court had not certified the order and our Court had not accepted interlocutory jurisdiction over the appeal. *See Adoption of S.J.*, 967 N.E.2d at 1066. Accordingly, we dismissed the appellant-father's appeal.[7] *Id.*

[13] Here, as in *Adoption of S.J.*, the trial court's order at issue was not a final judgment under Appellate Rule 2(H) nor was it an appealable interlocutory

---

[7] We acknowledge that our Court phrased the reason for the dismissal of the appeal in *Adoption of S.J.* as a lack of appellate jurisdiction over the order at issue rather than phrasing it as the appellant-father's forfeiture of the appeal due to an untimely or premature appeal. *Adoption of S.J.* was issued five years before the *D.J.* Court's recent explanation that the procedural result of an untimely or premature notice of appeal should be phrased in terms of a party's forfeiture of the right to appeal instead of our appellate court's lack of jurisdiction. Until our supreme court issued its opinion in *D.J.*, "it was understood that the lack of a final appealable order impacted an appellate court's 'jurisdiction' to entertain an appeal and that dismissal of the appeal was required in such situations." *Manley v. Zoeller*, 77 N.E.3d 1227, 1230 (Ind. Ct. App. 2017). *See Ramsey v. Moore*, 959 N.E.2d 246, 253 (Ind. 2012) (determining that part of a trial court's order was not a final appealable judgment under Appellate Rule 2(H) and dismissing the "appeal for lack of subject matter jurisdiction"). Therefore, while the reason for the dismissal in *Adoption of S.J.* would now be considered mal-phrased, we, nevertheless, find the analysis and reasoning of the case applicable.

order. The trial court's order—which granted Lake County's motion to take judicial notice and re-opened the proceedings—was not a "final judgment" under Appellate Rule 2(H)(1) because it did not dispose of all claims as to all parties and left the question of whether he was liable for delinquent property taxes for a future determination. The trial court's order was also not a "final judgment" under Appellate Rule 2(H)(2) because the trial court did not include the "magic language" required to meet the "bright line" rule under Indiana Trial Rule 54(B). *See Adoption of S.J.*, 967 N.E.2d at 1065-66. *See also Ramsey v. Moore*, 959 N.E.2d 246, 253 (Ind. 2012) (determining that part of a trial court's order that did not contain the "magic language" of Trial Rule 54(B) was not a final appealable judgment under Appellate Rule 2(H)(2)).

[14] Additionally, contrary to Williams' assertion in his notice of appeal, the trial court's order is not an appealable interlocutory as of right under Appellate Rule 14(A)(1) for "the payment of money" because the trial court's interlocutory order did not require Williams to pay any money. Nor does the order fall within one of the other categories of Rule 14(A). Moreover, the trial court's order is not a discretionary interlocutory appealable order under Appellate Rule 14(B) because Williams neither requested the trial court to certify the interlocutory order nor sought permission from our Court to accept the interlocutory appeal. *See Adoption of S.J.*, 967 N.E.2d at 1066; *see also* App. R. 14. Because the trial court's order is not a final appealable order or an appealable interlocutory order, Williams' attempt to appeal the non-final order is untimely—in this case, premature—and results in the forfeiture of this appeal.

*See D.J.*, 68 N.E.3d at 578-79. *See also Adoption of S.J.*, 967 N.E.2d at 1065-66. We decline to disregard Williams' forfeiture, especially here, where the trial court had not issued a final order at the time he attempted to appeal the trial court's discretionary interlocutory order. *See Manley*, 77 N.E.3d at 1231 ("We do not believe the *D.J.* opinion should be taken as an invitation to open the floodgates to premature appeals from non-final judgments.").[8]

[15] Dismissed.

Kirsch, J., and Bailey, J., concur.

---

[8] We do, however, note that the chronological case summary in the Appellees' Appendix indicates that the trial court entered findings of fact and conclusions of law and entered a judgment in favor of Lake County on September 26, 2017, which is during the pendency of this appeal.