# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JON P. McCARTY**
Covington, Indiana

ATTORNEYS FOR APPELLEES:

**JUDSON G. BARCE**
**HUNTER J. REECE**
**BONNIE J. ADAMS**
Barce & Reece, P.C.
Fowler, Indiana



FILED

May 18 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ADOPTION OF S.J., | ) | |
| | ) | |
| R.W., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 04A03-1110-AD-449 |
| | ) | |
| G.C. and J.C., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE BENTON CIRCUIT COURT
The Honorable John A. Rader, Special Judge
Cause No. 04C01-1106-AD-5

**May 18, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

R.W. ("Father") appeals from the trial court's order concluding that Father's consent to the adoption of S.J., Father's biological child, was not required. Concluding that the order from which Father appeals is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal *sua sponte*.

## Facts and Procedural History

S.J. was born out of wedlock to B.R.L. ("Mother") in May of 2005. Although Father has not legally established paternity, Mother and Father agree that Father is S.J.'s biological father. Father's stepsister, J.C., and her husband, G.C., were appointed as S.J.'s legal guardians in 2008 and have had continued custody of S.J. since that time. J.C. and G.C. (collectively, "the Petitioners") filed a petition to adopt S.J. on June 15, 2011. Father filed his "Motion to Contest Adoption" on July 8, 2011.[1] On September 2, 2011, the trial court held a hearing on the issue of whether Father's consent to the adoption was required. Thereafter, on September 2, 2011, the trial court issued an order concluding that Father's consent to the adoption was not required. The court also indicated that "[i]f all other statutory requirements are met, this Petition may proceed to a final hearing." Appellant's App. p. 6. Father now appeals.

## Discussion and Decision

This court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "disposes of all claims as to all parties[.]" App. R. 2(H)(1). See also Bueter v. Brinkman, 776 N.E.2d 910, 912-13 (Ind. Ct. App.

---

[1] Neither the Petitioners' petition to adopt S.J. nor Father's motion to contest the adoption have been included in the Appellant's Appendix.

2

2002) (a final judgment is one that "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case" and "reserves no further question or direction for future determination" (internal quotations and citations omitted)). Whether an order is a final judgment governs this court's subject matter jurisdiction. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003). The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*. Id.

Here, the trial court's September 9, 2011 order concluding that Father's consent to the adoption was not required did not dispose of all issues as to all parties or put an end to the case because the relief requested in the adoption petition, i.e. the adoption of S.J., was neither granted nor denied. Rather, the trial court ruled that, provided all other statutory requirements for the adoption were met, the petition could proceed to a final hearing. Accordingly, the trial court's September 9, 2011 order concluding that Father's consent to the adoption was not required is not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the question of whether the adoption petition would be granted for future determination.

However, Trial Rule 54(B) provides, in relevant part, that:

When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . *A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay,*

3

*and in writing expressly directs entry of judgment*, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

(emphasis added). See also Appellate Rule 2(H)(2) (providing that a judgment is final if the trial court in writing expressly determines under Trial Rule 54(B) that there is no just reason for delay and in writing expressly directs the entry of judgment).

In Martin v. Amoco Oil Co., our supreme court adopted a "bright line" rule requiring strict compliance with Trial Rule 54(B) before a trial court's order disposing of less than all claims as to all parties will be deemed final and appealable as of right. 696 N.E.2d 383, 385 (Ind. 1998). The court explained that this formalistic approach "removes uncertainties about when a party should appeal, thus minimizing the risk that an appeal will be dismissed as premature or that the right to appeal will be inadvertently lost." Id. The court reasoned further that strict compliance with the rule "place[s] the discretion of deciding when the facts indicate that a judgment should be deemed final in the hands of the individual best able to make such decisions—the trial judge." Id. Thus, unless a trial court uses the "magic language" set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature. See id.; Forman v. Penn, 938 N.E.2d 287, 289-90 (Ind. Ct. App. 2010) (dismissing appeal), appeal reinstated and trial court judgment aff'd on reh'g, 945 N.E.2d 717 (Ind. Ct. App. 2011), trans. denied. In this case, the trial court's September 9, 2011 order concluding that Father's consent to the adoption was not required neither directed the entry of judgment nor found that there was no just reason for delay. Because the order did not

4

meet the strict criteria set forth in Appellate Rule 54(B), the order cannot be deemed final under that rule.

Because the trial court's September 9, 2011 order was not a final judgment, Father cannot appeal unless the order is an appealable interlocutory order. See Bacon v. Bacon, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), trans. denied. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." Id. This court has "jurisdiction over appeals of interlocutory orders under Rule 14[.]" App. R. 5(B).

Under Appellate Rule 14(A), certain interlocutory orders may be appealed as a matter of right. Such appeals must be expressly authorized, and that authorization is to be strictly construed. Bacon, 877 N.E.2d at 804. None of the grounds for interlocutory appeals set forth in Appellate Rule 14(A) apply to the case before us. Therefore, Father is not entitled to an interlocutory appeal as a matter of right. Additionally, under Appellate Rule 14(B), interlocutory orders may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). However, no such certification and acceptance took place here. Thus, the trial court's September 9, 2011 order is not appealable under Appellate Rule 14(B).

For all of these reasons, we conclude that the order from which Father appeals is neither a final judgment nor an appealable interlocutory order. This court is therefore without subject matter jurisdiction to entertain Father's appeal.

Dismissed.

ROBB, C.J., and BAILEY, J., concur.