**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANDREA K. MARSH**
Marsh & Marsh, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**KELLY MYHLS**
Hanley Myhls Attorneys at Law
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ADOPTION OF C.R.R. and S.A.R., | ) | |
| | ) | |
| W.E.R., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-AD-45 |
| | ) | |
| D.M.T., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
Cause No. 49D08-1103-AD-10783

**September 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

W.E.R. ("Father") appeals the trial court's order granting the petition filed by D.M.T. ("Maternal Grandmother") to adopt Father's biological children, C.R.R. and S.A.R. Father presents a single issue for review, namely, whether the trial court erred when it determined that Father's consent to the adoption was unnecessary under Indiana Code Section 31-19-9-10.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In early 2008, Father and K.T. ("Mother") lived in Indianapolis with their three daughters: four-year-old C.R.R., two-year-old S.A.R., and an infant K.F.R. On March 19, C.R.R. discovered K.F.R. deceased on the floor with her eyes open and a trash bag over the infant's head. K.F.R. had suffocated.

The State filed a petition alleging C.R.R. and S.A.R. ("the children") to be children in need of services ("CHINS").[1] The trial court granted the petitions and removed C.R.R. and S.A.R. from their parents, placing them in the care of D.M.T., their maternal grandmother. Also as a result of K.F.R.'s death, Father pleaded guilty to neglect of a dependent, as a Class B felony, and was sentenced to incarceration. Father maintained telephone contact with the children during his incarceration, and the children visited him every other week beginning in February 2011.

On March 18, 2011, while Father was incarcerated, D.M.T. filed a petition to adopt the children ("the Adoption Petition"). The Adoption Petition alleged in relevant

---

[1] The record on appeal does not contain a copy of the CHINS petitions.

part that Father had been convicted of neglect of a dependent, as a Class B felony; that he was incarcerated as a result of that conviction; that the victim of the neglect was the children's deceased infant sister; and, therefore, that Father's consent to the adoption was unnecessary.[2]

Father was released from incarceration on July 25, 2011, and on August 9, the trial court held a hearing on whether Father's consent to adoption was necessary. On August 23, the court entered an order finding that Father's consent was not necessary ("Consent Order"). Subsequently, on December 19, the court entered a final adoption decree ("Adoption Decree") granting D.M.T.'s petition to adopt the children. Father now appeals.

## DISCUSSION AND DECISION[3]

In general, when an adoption has been granted, we consider the evidence most favorable to the trial court's decision and the reasonable inferences that can be drawn therefrom to determine whether the evidence is sufficient to support the judgment. In re Adoption of S.A., 918 N.E.2d 736, 740-41 (Ind. Ct. App. 2009), trans. denied. We will not disturb the trial court's decision in an adoption proceeding unless the evidence at trial led to but one conclusion and the trial court reached the opposite conclusion. Id.

---

[2] Mother gave her consent to the adoption.

[3] On cross-appeal, Intervener Child Advocates, Inc. ("Child Advocates") contends that Father's appeal must be dismissed because it was untimely filed. Specifically, Child Advocates asserts that the Consent Order was a final appealable order because it settled all issues as between Father and D.M.T. and that Father's appeal was not filed within thirty days of that order. Child Advocates asks us to "revisit" this court's recent opinion in S.J. v. G.C., 967 N.E.2d 1063 (Ind. Ct. App. 2012), where another panel of this court held that a consent order in an adoption proceeding is not a final appealable order. Intervener's Brief at 9. We will not do so. Applying the well-reasoned rule from S.J., we conclude that the Consent Order was not a final appealable order and, therefore, Father's appeal challenging the Consent Order was timely filed within thirty days of the Adoption Decree.

Here, the trial court entered findings sua sponte. Our standard of review in such cases is well established:

> In such cases, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issues upon which the court has not found. Harris v. Harris, 800 N.E.2d 930, 934 (Ind. Ct. App. 2003), trans. denied. Thus, in reviewing this judgment, we must apply a two-tiered standard. Id. First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. Id. In deference to the trial court's proximity to the issues, we will reverse a judgment only when it is shown to be clearly erroneous. Id. A judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. Id. In determining the validity of the findings or judgment, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom, and we will not reweigh the evidence or assess the credibility of witnesses. Id. However, although we defer substantially to findings of fact, we do not do so to conclusions of law. Id. We evaluate questions of law de novo and owe no deference to a trial court's determinations of such questions. Id.

J.S. v. J.D., 941 N.E.2d 1107, 1109-10 (Ind. Ct. App. 2011, trans. denied.

Father contends that the trial court's findings in the Consent Order do not support the court's determination that Father's consent to the adoption was not required pursuant to Indiana Code Section 31-19-9-10. Specifically, Father argues that the findings do not support the court's determination that dispensing with Father's consent is in the best interests of the children. We cannot agree.

A trial court deciding an adoption petition must find that "proper consent, if consent is necessary, to the adoption has been given." Ind. Code § 31-19-11-1(a)(7). Consent to an adoption is required from each of the child's parents, whether or not they were married when the child was born. See Ind. Code § 31-19-9-1(a)(1), (2). But consent may be excused by statute in certain circumstances. As relevant here, a parent's consent to adoption is not required if that parent "is convicted of and incarcerated at the

4

time of the filing of a petition for adoption for . . . neglect of a dependent as a Class B felony (IC 35-46-1-4)[;]" the child or the child's sibling is the victim of the offense; and, "after notice to the parent and a hearing, the court determines that dispensing with the parent's consent to adoption is in the child's best interests." Ind. Code § 31-19-9-10.

Father concedes that he was convicted of neglect of a dependent, as a Class B felony, and that the victim of that offense was the sibling of C.R.R. and S.A.R. Thus, the first two elements of Section 31-19-9-10 have been satisfied. But Father contends that the trial court did not enter findings to support its conclusion that dispensing with his consent to the adoption is in the children's best interests. He also contends that the trial court ignored certain evidence. We address each contention in turn.

We first consider whether the findings support the court's conclusion that dispensing with Father's consent is in the best interests of the children. The "paramount concern for the children's best interest [is] evidenced throughout Indiana family law[.]" In re Adoption of K.S.P., 804 N.E.2d 1253, 1257 (Ind. Ct. App. 2004) (citing Stout v. Tippecanoe County Dep't of Pub. Welfare, 182 Ind. App. 404, 411, 395 N.E.2d 444, 448 (1979)). The term "best interests" is found in dozens of family law statutes in Title 31 and has been applied in hundreds of cases. That standard seeks to assure that a court chooses a course of action regarding a child that would best serve the child at issue.

The Consent Order provides, in relevant part:

6.     When the children were placed in the care of their maternal grandmother by the Marion County Department of Child Services in April 2008, both [C.R.R.] and [S.A.R.] were experiencing a number of problems. In the two years that they have been living with [D.M.T.], the children have made significant improvement.

5

7. [C.R.R.] and [S.A.R.] are bonded to [D.M.T.] and have thrived while in her care.

8. It would be harmful to [C.R.R.] and [S.A.R.] to be removed from [D.M.T.].

9. To maintain the significant progress they have made, [C.R.R.] and [S.A.R.] need the stability and emotional permanency that only adoption can provide.

10. It is in the children's best interests to dispense with their father's consent to their adoption by [D.M.T.].

Id. at 43. In other words, the trial court found that the children suffered from problems following the death of their sister and that the children have made significant improvement in D.M.T.'s care, are bonded to her, and thrive with her. The court further found that removing the children from her would be harmful and, similarly, that remaining in her care is necessary because they need the "stability and emotional permanency that only adoption can provide." Id. Based on these findings, the trial court determined that dispensing with Father's consent is in the best interests of the children.

Nonetheless, Father contends that the "need for permanency, and the appropriateness of [D.M.T.'s] home, are insufficient as a matter of law to support the conclusion that waiver of [his] consent was in the [children's] best interests." Appellant's Brief at 13. But Father's argument ignores the totality of the court's findings on this issue, which are quoted and discussed above. The trial court's findings show that proceeding with the adoption is in the best interests of the children. Thus, we conclude that the trial court's determination that dispensing with Father's consent is in the best interests of the children is not clearly erroneous.

6

Father also contends that the trial court ignored certain evidence relevant to the best interests determination. Specifically, Father points to evidence regarding his continuous contact with the children in various forms. He also asserts that the trial court "fail[ed] to account for those facts that the juvenile court had relied on in denying the petition to terminate [Father's] parental rights a year before." Appellant's Brief at 16. These arguments amount to a request that we reweigh the evidence, which we will not do. See J.S., 941 N.E.2d at 1109-10.

In sum, the trial court found that proceeding with the adoption is in the best interests of the children. As such, Father's refusal to consent is not in the children's best interests and under these circumstances his consent to the adoption is not required, as provided under Indiana Code Section 31-19-1-10. The trial court's findings support its determination that dispensing with Father's consent to D.M.T.'s adoption of C.R.R. and S.A.R. is in the best interests of the children. Thus, we affirm the Adoption Decree.

Affirmed.

KIRSCH, J., and MAY, J., concur.