**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**




ATTORNEYS FOR APPELLANT:

**CHRISTOPHER A. BUCKLEY**
**BLAKE N. DAHL**
Gordon Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**FRED W. GRADY**
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS WATSON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1302-PL-69 |
| | ) | |
| MICHAEL ABRAHAM, d/b/a | ) | |
| ABRAHAM CUSTOM PAINT STUDIO, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0909-PL-10011

**August 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Dennis Watson entered into a contract with Michael Abraham d/b/a Abraham Custom Paint Studio to paint his 1969 Chevrolet Camaro. Dissatisfied with the work on his car, Watson filed a complaint against Abraham for breach of an oral contract. Watson subsequently filed a summary judgment motion, which the trial court granted. Abraham filed a motion to set aside the grant of Watson's summary judgment motion, which the trial court granted. Watson filed a motion in opposition to Abraham's motion to set aside his summary judgment motion, which the trial court denied after a hearing. In its order denying Watson's motion in opposition, the trial court ordered Abraham to file a response to Watson's summary judgment motion. Watson now appeals the trial court's order denying his motion in opposition to Abraham's motion to set aside the grant of his summary judgment motion. However, because the order denying Watson's motion to set aside the grant of Watson's summary judgment motion is not a final judgment and Watson did not perfect an interlocutory appeal, we dismiss this appeal.

## FACTS

In 2005, Watson entered into a $10,000 contract with Abraham to paint his 1969 Chevrolet Camaro pearl white with black stripes. In September 2009, Watson, acting pro se, filed a complaint against Abraham alleging that Abraham had breached an oral contract to paint the car.[1]  Abraham filed an answer and initiated discovery in November

---

[1] Watson did not file an Appendix with his Appellant's Brief. Consequently, this Court has not been provided with a copy of the complaint or any of the motions in this case. Although the complaint and motions are not essential for this Court to render a decision, it would have been helpful. Therefore, in the future, we encourage parties to provide us with all relevant materials.

2009. Watson, by counsel, filed a summary judgment motion in October 2012. The trial court granted Watson's motion on December 3, 2012. Four days later, Abraham filed a motion to set aside the trial court's grant of Watson's summary judgment motion, which the trial court granted. Watson filed a motion in opposition to Abraham's motion to set aside Watson's summary judgment motion, which the trial court denied after a hearing in January 2013. In its order, the trial court ordered Abraham to file a response to Watson's summary judgment motion. Watson appeals.

## DISCUSSION AND DECISION

This court has jurisdiction in all appeals from final judgments. In re Adoption of S.J., 967 N.E.2d 1063, 1065 (Ind. Ct. App. 2012). A judgment is final if it disposes of all claims as to all parties. Id. Whether an order is a final judgment governs this court's subject matter jurisdiction. Id. The lack of appellate subject matter jurisdiction may be raised any time, and where, as here, the parties do not raise the issue, this court may consider it sua sponte. Id.

Here, the appealed order is clearly not a final judgment. It disposes of no claims as to any parties on the merits and expressly acknowledges that the case remains pending by ordering Abraham to file a response to Watson's summary judgment motion.

Although the trial court's order is not a final judgment, Watson claims in his Notice of Appeal that this is an appeal from an interlocutory order taken as a matter of right pursuant to Appellate Rule 14(A). Appellate Rule 14(A) provides that appeals from

3

the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal within thirty days of the order:

> (1) For the payment of money;
>
> (2) To compel the execution of any document;
>
> (3) To compel the delivery or assignment of any securities;
>
> (4) For the sale or delivery of the possession of real property;
>
> (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
>
> (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
>
> (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
>
> (8) Transferring or refusing to transfer a case under Trial Rule 75; and
>
> (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

As noted above, Watson is appealing the denial of his motion in opposition to Abraham's motion to set aside the grant of Watson's summary judgment motion. None of the grounds for interlocutory appeals set forth in Appellate Rule 14(A) apply to this case. Accordingly, Watson is not entitled to an interlocutory appeal as a matter of right.

We note that pursuant to Appellate Rule 14(B), interlocutory orders may be appealed if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal. Watson, however, did not seek such certification or acceptance.

4

Because the order Watson appeals is neither a final judgment nor an appealable interlocutory order, this Court does not have subject matter jurisdiction, and we are compelled to dismiss the appeal.

Appeal dismissed.

FRIEDLANDER, J., and VAIDIK, J., concur.