# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 12 2016, 9:33 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT
Trenna S. Parker
Trenna S. Parker Law Office, P.C.
Noblesville, Indiana

ATTORNEY FOR APPELLEE
Ryan H. Cassman
Cathy M. Brownson
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

In The Matter of A.J.T. (Minor Child)

M.T. (Father),

*Appellant-Respondent,*

v.

J.R.,

*Appellee-Petitioner.*

October 12, 2016

Court of Appeals Case No. 29A02-1604-AD-753

Appeal from the Hamilton Superior Court

The Honorable Steven R. Nation, Judge

Trial Court Cause No. 29D01-1508-AD-1162

**Bailey, Judge**

# Case Summary

[1]    M.T. ("Father") appeals the trial court's interlocutory order denying his motion for dismissal due to lack of subject matter jurisdiction and dispensing with Father's consent to the adoption of A.J.T. ("Child"). We find a different issue dispositive, and conclude this Court lacks subject matter jurisdiction to decide this appeal. Accordingly, we dismiss.

# Facts and Procedural History

[2]    Father and S.R. ("Mother") were married and lived together in the State of Oklahoma. Mother had a child from a prior relationship, A.L.T. Child was born to Father and Mother in Tulsa, Oklahoma, on May 6, 2013.

[3]    On September 5, 2013, Father was charged in the State of Oklahoma with sexual abuse of a minor; the alleged victim was A.L.T.

[4]    On April 2, 2014, the marriage between Father and Mother was dissolved in the State of Oklahoma. Mother informed the Oklahoma court of her intent to move out of state and to return to Indiana with Child. Father ultimately agreed to Mother's move with Child.

[5]    In August 2014, Mother movied to Indiana with Child and A.L.T. Mother married J.R. ("Stepfather") on November 29, 2014.

[6] Father entered a guilty plea on April 2, 2015, and was sentenced in Oklahoma to thirty years imprisonment, with five years suspended to probation. From that point forward, Father was incarcerated in Oklahoma prisons.

[7] On August 31, 2015, Stepfather filed a petition to adopt Child, which Father sought to oppose. On November 18, 2015, Stepfather filed a motion seeking the trial court's determination that Father's consent to the adoption was not necessary as a result of Father's sex offense against A.L.T. Father disputed that contention, and, though he proceeded *pro se* for much of the litigation, ultimately obtained counsel in December 2015.

[8] On January 20, 2016, Father, through counsel, filed a motion to dismiss the adoption petition in which he claimed that the trial court lacked personal jurisdiction over him.

[9] On March 15, 2016, the trial court entered its order granting Stepfather's motion to proceed without Father's consent and denying Father's motion to dismiss for lack of personal jurisdiction.

[10] This appeal ensued.

# Discussion and Decision

[11] Father appeals the trial court's order on his and Stepfather's motions, and challenges the order on its merits. In his Appellee's Brief, Stepfather argues that this Court lacks jurisdiction to decide Father's appeal because the trial court's order was not a final judgment, is not a court order appealable as of right under

Appellate Rule 14(A), and Father did not properly perfect a discretionary interlocutory appeal under Appellate Rule 14(B).

[12] This Court has jurisdiction over appeals from final judgments in Indiana's trial courts. Ind. Appellate Rule 5(A). A final judgment is one that disposes of all claims as to all parties. App. R. 2(H)(1). If a trial court's order is not a final judgment, this Court lacks subject matter jurisdiction to decide an appeal. *In re Adoption of S.J.*, 967 N.E.2d 1063, 1065 (Ind. Ct. App. 2012) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). Subject matter jurisdiction may be raised at any time by any party, and this Court may consider the matter *sua sponte. Id.*

[13] Appellate Rule 14 provides for a limited number of exceptions to the final judgment rule set forth above. Under Rule 14(A), this Court may exercise subject matter jurisdiction over certain orders that would not otherwise qualify as final judgments:

> (1) For the payment of money;
>
> (2) To compel the execution of any document;
>
> (3) To compel the delivery or assignment of any securities, evidence of debt, documents, or things in action;
>
> (4) For the sale or delivery of the possession of real property;
>
> (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; and

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

App. R. 14(A).

[14]  To conduct an appeal for any other interlocutory order, the appellant must seek certification from the trial court of an interlocutory appeal, and this Court must accept jurisdiction. App. R. 14(B). Failure to follow the procedure set forth in Rule 14(B) is a bar to this Court hearing a party's appeal. *Wesley v. State*, 696 N.E.2d 882, 882-3 (Ind. Ct. App. 1998). Moreover, this Court has previously decided that an order concluding that a parent's consent to an adoption is unnecessary is not a final judgment where a trial court did not certify that order as an entry of judgment under Trial Rule 54(B).[1] *Adoption of S.J.*, 967 N.E.2d at 1066.

_____

[1] Trial Rule 54(B) provides in relevant part that where more than one claim for relief is presented, or when multiple parties are involved in litigation, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

In this case, the trial court's order did not dispose entirely of the adoption proceeding. Rather, it addressed only one party's rights—those of Father—in an order this Court has already concluded is not appealable as a final judgment or as of right under Appellate Rule 14(A). Our review of the record and the docket discloses that Father did not seek certification of the order for discretionary interlocutory review under Appellate Rule 14(B), and the trial court did not certify its order as a final judgment under Trial Rule 54(B). We must therefore dismiss Father's appeal. Accordingly, we do not reach the merits of the issues Father presents concerning personal jurisdiction and the necessity *vel non* of his consent to an adoption.

Dismissed.

Riley, J., and Barnes, J., concur.

---

reason for delay and upon an express direction for the entry of judgment." Absent these "magic words," *Adoption of S.J.*, 967 N.E.2d at 1066, an order is not final such that a party may take an appeal.