# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2019, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristina L. Lynn
Lynn and Stein, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEES

Justin R. Wall
Wall Legal Services
Huntington, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Adoption of D.J.B., B.B. and B.M.B. (Minor Children) | May 29, 2019 |
| | Court of Appeals Case No. 19A-AD-120 |
| D.B. (Father), | Appeal from the Huntington Circuit Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Jeffrey R. Heffelfinger, Judge Pro Tem |
| D.T. (Stepfather) and E.T. (Mother), | Trial Court Cause Nos. 35C01-1811-AD-28, -30, -31 |
| *Appellees-Petitioners* | |

**Crone, Judge.**

[1] In 2013, D.T. ("Stepfather") married E.T. ("Mother") (collectively "Appellees"). Since then, Appellees have lived with Mother's three minor children, D.J.B., B.B., and B.M.B. (collectively "the Children"). In 2018, Appellees filed petitions for Stepfather to adopt the Children. The Children's father, D.B. ("Father"), contested the adoption petitions. Following a hearing, in December 2018, the trial court issued an order concluding that Father's consent to adoption was not required pursuant to Indiana Code Section 31-19-9-8(a)(1) and -(a)(2) and set a final hearing date on the adoption petitions. Father appeals the court's determination that his consent to the adoption is not required. Appellees challenge this Court's jurisdiction to hear the appeal. Concluding that the order from which Father appeals is neither a final judgment nor an appealable interlocutory order, we dismiss.

[2] Appellees maintain that this Court lacks subject matter jurisdiction over this appeal. A challenge to appellate subject matter jurisdiction may be raised at any time by either party or sua sponte. *In re Adoption of S.J.*, 967 N.E.2d 1063, 1065 (Ind. Ct. App. 2012). Indiana Appellate Rule 5(A) gives this Court jurisdiction in all appeals from final judgments. Appellate Rule 2(H)(1) defines a final judgment as one that "disposes of all claims as to all parties[.]" Here, as in *S.J.*, the trial court specifically concluded that Father's consent to the adoption was not required but did not finalize the adoption. We conclude, as did the *S.J.* court,

> [that] the trial court's … order concluding that Father's consent
> to the adoption was not required did not dispose of all issues as

to all parties or put an end to the case because the relief requested in the adoption petition, i.e. the adoption of [the Children], was neither granted nor denied. Rather, the trial court ruled that, provided all other statutory requirements for the adoption were met, the petition could proceed to a final hearing. Accordingly, the trial court's order concluding that Father's consent to the adoption was not required is not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the question of whether the adoption petition would be granted for future determination.

967 N.E.2d at 1065.

[3] Father asserts that the trial court specifically gave him the right to appeal by including the following language in its order: "Respondent has been notified in open court that he has the right to appeal this Order and that he must file his Notice of Appeal with[in] thirty (30) days of today's date." Appealed Order at 1. Trial Rule 54(B) provides an avenue for the trial court to enter a final judgment on fewer than all claims and reads in relevant part:

the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... A judgment as to one or more but fewer than all of the claims or parties is final when *the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment,* and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

(Emphasis added.) Father is correct that the trial court may deem final and appealable an otherwise nonfinal, non-appealable order by inserting certain language into its order. However, that language must be the specific language used in Trial Rule 54(B). *S.J.*, 967 N.E.2d at 1065-66. *See Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998) (adopting "bright line" rule requiring strict compliance with Trial Rule 54(B) before order disposing of fewer than all claims will be deemed final and appealable by right), *cert. denied*. In its written order, the trial court neither specified that "there is no just reason for delay" nor "expressly directed entry of judgment." The trial court did not use the specific language required by the rule and case law, and as such, the order is not a final, appealable order.

[4] That said, Indiana Appellate Rule 14 provides yet another vehicle for obtaining appellate subject matter jurisdiction, the interlocutory appeal. Subsection (A) of the rule lists interlocutory orders that may be appealed as a matter of right, and the trial court's order is not one of those orders. As such, Father was limited to seeking a discretionary interlocutory appeal pursuant to Appellate Rule 14(B). *Id.* However, a discretionary interlocutory appeal requires certification of the order by the trial court and acceptance of jurisdiction by this Court. *Id.* (citing Ind. Appellate Rule 14(B)). Here, certification and acceptance did not occur. As a result, the challenged order is not appealable pursuant to Indiana Appellate Rule 14.

[5]     The trial court's order is neither final nor properly appealable as an interlocutory order.  As such, we dismiss Father's appeal.[1]

[6]     Dismissed.

Bradford, J., and Tavitas, J., concur.

---

[1] Appellees argue that they are entitled to appellate attorney's fees pursuant to Indiana Appellate Rule 66(E), which gives us discretion to award attorney's fees when an appeal is frivolous or in bad faith.  We reject Appellees' argument and deny their request for attorney's fees.