# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2019, 6:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathan L. McElroy
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES

Lindsay H. Lepley
Burt, Blee, Dixon, Sutton &
Bloom, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Adoption of L.J.M. (Minor Child) | June 27, 2019 |
| | Court of Appeals Case No. 19A-AD-171 |
| B.S. (Father), | Appeal from the Allen Superior Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Sherry A. Hartzler, Judge Pro Tempore |
| D.S.M. and C.S.M., | The Honorable Lori K. Morgan, Magistrate |
| *Appellees-Petitioners* | Trial Court Cause No. 02D08-1707-AD-129 |

**Crone, Judge.**

# Case Summary

B.S. ("Father") appeals a trial court order denying his motion to contest the adoption of his son, L.J.M., by the child's maternal grandparents, D.S.M. and C.S.M. ("Grandparents"). Claiming that his consent to adoption was legally required, Father asks that we reverse the denial of his motion to contest and dismiss Grandparents' adoption petition. Concluding, sua sponte, that the order from which Father appeals is neither a final judgment nor an appealable interlocutory order, we dismiss his appeal as premature.

# Facts and Procedural History

L.J.M. was born in May 2013, about six months after Father had petitioned to dissolve his marriage to H.M. ("Mother"). Father's paternity was established through DNA testing. In 2014, Grandparents sought and were granted sole legal and physical custody of L.J.M., and Father was granted supervised parenting time and ordered to pay the costs associated with it. The trial court ordered that Mother, Father, and Grandparents address the issue of child support through mediation. In 2017, Grandparents filed a petition to adopt L.J.M., and Mother executed her consent to adoption. Father filed a motion to contest and dismiss the adoption. Following a hearing, in December 2018, the trial court issued an order with findings of fact and conclusions thereon, finding that Father's consent to adoption was not required pursuant to Indiana Code Section 31-19-9-8(a)(1) and -(2) and denying his motion to contest. The order neither granted nor denied Grandparents' adoption petition but was silent on the finalization of the adoption. Father appeals the court's determination that

his consent to the adoption is not required and asks that we reverse the denial of his motion to contest and dismiss Grandparents' adoption petition.

## Discussion and Decision

The parties do not raise the issue of whether the trial court's order is appealable. Thus, we address it sua sponte. *In re Adoption of S.J.*, 967 N.E.2d 1063, 1065 (Ind. Ct. App. 2012). Unless otherwise provided in our rules of appellate procedure, this Court hears all appeals from final judgments. Ind. Appellate Rule 5(A). Appellate Rule 2(H)(1) defines a final judgment as one that "disposes of all claims as to all parties[.]" Here, as in *S.J.*, the trial court specifically concluded that Father's consent to the adoption was not required but did not finalize the adoption. We conclude, as did the *S.J.* court,

> [that] the trial court's … order concluding that Father's consent to the adoption was not required did not dispose of all issues as to all parties or put an end to the case because the relief requested in the adoption petition, i.e. the adoption of [L.J.M.], was neither granted nor denied. Rather, the trial court ruled that, provided all other statutory requirements for the adoption were met, the petition could proceed to a final hearing. Accordingly, the trial court's order concluding that Father's consent to the adoption was not required is not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the question of whether the adoption petition would be granted for future determination.

967 N.E.2d at 1065.

Trial Rule 54(B) provides an avenue for the trial court to enter a final judgment on fewer than all claims and reads in relevant part:

the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... A judgment as to one or more but fewer than all of the claims or parties is final when *the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment,* and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

(Emphasis added.)

[5] The trial court may deem final and appealable an otherwise nonfinal, non-appealable order by inserting certain language into its order. However, that language must be the specific language used in Trial Rule 54(B). *S.J.*, 967 N.E.2d at 1065-66. *See Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998) (adopting "bright line" rule requiring strict compliance with Trial Rule 54(B) before order disposing of fewer than all claims will be deemed final and appealable by right), *cert. denied*. In its written order, the trial court neither specified that "there is no just reason for delay" nor "expressly directed entry of judgment." The trial court did not use the specific language required by the rule and case law, and as such, the order is not a final, appealable order.

[6] That said, Indiana Appellate Rule 14 provides yet another vehicle for obtaining appellate subject matter jurisdiction, the interlocutory appeal. Subsection (A) of the rule lists interlocutory orders that may be appealed as a matter of right, and the trial court's order is not one of those orders. As such, Father was limited to

seeking a discretionary interlocutory appeal pursuant to Appellate Rule 14(B). *Id.* However, a discretionary interlocutory appeal requires certification of the order by the trial court and acceptance of jurisdiction by this Court. *Id.* (citing Ind. Appellate Rule 14(B)). Here, certification and acceptance did not occur. As a result, the challenged order is not appealable pursuant to Indiana Appellate Rule 14.

[7] The trial court's order is neither final nor properly appealable as an interlocutory order. As such, we dismiss Father's appeal.

[8] Dismissed.

Bradford, J., and Tavitas, J., concur.