# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2019, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Lewis Kriete
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lewis F. Kriete, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 21, 2019

Court of Appeals Case No.
19A-CR-475

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1604-FA-12351

**Pyle, Judge.**

# Statement of the Case

Lewis F. Kriete, Jr. ("Kriete"), *pro se*, appeals the trial court's order denying his motion requesting transcripts from his guilty plea hearing, sentencing hearing, and all other previous hearings. Because the trial court's ruling was neither a final judgment nor an appealable interlocutory order, we dismiss the appeal.

We dismiss.

# Issue

> Whether Kriete's appeal should be dismissed because the trial court's denial of his motion requesting transcripts was neither a final judgment nor an appealable interlocutory order.

# Facts

Initially, we note that Kriete did not file an Appellant's Appendix. We are, however, able to provide the following facts based on the Appellee's Appendix filed by the State.

In April 2016, the State charged Kriete with Count 1, Class A felony child molesting; Counts 2-4, Class A felony attempted child molesting; Count 5-6, Class C felony child molesting; and Count 7, Class B misdemeanor failure to make a report. In November 2016, Kriete entered into a plea agreement with the State and agreed to plead guilty to the Class A felony child molesting charges in exchange for the State's dismissal of the remaining six charges. The plea agreement provided that Kriete's executed sentence would be capped at

forty-five (45) years and that he would waive his right to appeal his sentence so long as the trial court sentenced him within the terms of the plea agreement. Thereafter, the trial court imposed a sentence of forty-five (45) years for Kriete's Class A felony child molesting conviction. Kriete did not file a direct appeal.

A couple of years later, Kriete filed three *pro se* motions requesting the transcripts from his guilty plea hearing, sentencing hearing, and all other previous hearings. He filed the first motion in August 2018, the second in November 2018, and the third in February 2019. In his three motions, Kriete stated that he wanted the transcripts to prepare a post-conviction petition that he was planning to file in the future. The trial court denied Kriete's the three motions by stamping them with the following: "DENIED. Nothing is pending." (Appellee's App. Vol. 2 at 79, 84, 86). Kriete now attempts to appeal the trial court's denial of his third motion requesting transcripts.

## Decision

Kriete argues that the trial court erred by denying his third *pro se* motion requesting transcripts of guilty plea hearing, sentencing hearing, and all other previous hearings. Kriete argues that he is entitled to the transcripts of the various hearings and cites to *Rush v. U.S.*, 559 F.2d 455 (7th Cir. 1977) in support of his argument.[1]

---

[1] In *Rush*, the Seventh Circuit held that incarcerated petitioners who no longer had counsel when they were preparing a collateral attack of their convictions had "an absolute personal right to reasonable access to the

[7] We, however, decline to review Kriete's challenge at this juncture because the trial court's denial of the motion that he is now attempting to appeal was neither a final judgment nor an appealable interlocutory order. *See In re Adoption of S.J.*, 967 N.E.2d 1063, 1065-66 (Ind. Ct. App. 2012). As set forth in Indiana Appellate Rule 2(H), a judgment is a "final judgment" if:

> (1) it disposes of all claims as to all parties; [or]
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the claims or parties[.]

Ind. Appellate Rule 2(H). If an order is not a final judgment, then an appellant may appeal the order only if it is an appealable interlocutory order. *See Adoption of S.J.*, 967 N.E.2d at 1066.

[8] Here, the trial court's challenged ruling was not a final judgment for purposes of appeal. First, the trial court's ruling was not a "final judgment" under Appellate Rule 2(H)(1). Indeed, as noted by the trial court, there is currently no pending case. Kriete filed his motion in his underlying criminal case in which a judgment and sentence had been entered in 2016. Additionally, the trial court's ruling at issue here is not an appealable interlocutory order. The ruling is not

---

*pre-existing* files and records of their underlying case[,]" which included the trial transcript that had already been prepared for use in their direct appeal. *Rush*, 559 F.2d 458 (emphasis added).

an interlocutory order as of right under Appellate Rule 14(A) because it does not fall within one of the categories of Rule 14(A). Nor is it a discretionary interlocutory appealable order under Appellate Rule 14(B) because Kriete did not request the trial court to certify the interlocutory order nor sought permission from our Court to accept the interlocutory appeal. *See Adoption of S.J.*, 967 N.E.2d at 1066; *see also* App. R. 14. Because the trial court's order is not a final appealable order or an appealable interlocutory order and there is no pending case, we dismiss this appeal. *See D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578-79 (Ind. 2017).

[9] Dismissed.

Robb, J., and Mathias, J., concur.