



FILED

Oct 07 2024, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

State of Indiana,

*Appellant-Petitioner*

v.

B.H.,

*Appellee-Respondent*

---

October 7, 2024

Court of Appeals Case No.
24A-JV-1247

Appeal from the Cass Circuit Court

The Honorable Stephen R. Kitts, Judge

Trial Court Cause No.
09C01-2404-JD-16

---

**Opinion by Judge Vaidik**
Chief Judge Altice and Judge Crone concur.

**Vaidik, Judge**

## Case Summary

[1] The State requested authorization to file a delinquency petition against eighteen-year-old B.H. based on an act he allegedly committed when he was seventeen. The juvenile court denied the State's request, believing that it lacked subject-matter jurisdiction because B.H. had turned eighteen. The State appeals. B.H. doesn't dispute that the juvenile court had subject-matter jurisdiction and erred by concluding otherwise. But he asks us to dismiss the appeal, arguing that the juvenile court's order isn't one the State can appeal. We disagree.

[2] Indiana Code section 35-38-4-2 identifies the matters the State can appeal in criminal and delinquency cases. The list includes "an order granting a motion to dismiss one (1) or more counts of an indictment or information." We hold that an order rejecting a delinquency petition for lack of subject-matter jurisdiction is comparable to the dismissal of an indictment or information. Therefore, the State is entitled to appeal the juvenile court's ruling. And because the ruling was incorrect, we reverse.

## Facts and Procedural History

[3] In January 2024, when B.H. was seventeen years old and being held at the Logansport Juvenile Correctional Facility, an incident report alleged that he assaulted a correctional officer. On April 9, after B.H. had turned eighteen, the State requested authorization to file a delinquency petition. The next day, the

juvenile court denied the State's request, simply stating, "LACK OF JURISDICTION." Appellant's App. Vol. II p. 13.

[4] On April 22, the State filed a motion to correct error, arguing that the juvenile court has subject-matter jurisdiction because B.H. was seventeen at the time of the alleged battery. The juvenile court denied the motion the same day, explaining that it "lacks jurisdiction over this matter at the present time" because "the State of Indiana did not file a case against [B.H.] until he reached the age of adulthood, namely: eighteen (18) years of age." *Id.* at 18.

[5] On April 29, the State asked the juvenile court to certify its orders for interlocutory appeal. That same day, the court granted the motion. On May 28, the State asked this Court to accept jurisdiction over the appeal. Our motions panel issued an order accepting jurisdiction on June 21. It wasn't until June 24 that an attorney entered an appearance for B.H., so there was no objection or opposition to these filings and orders. The State filed its notice of appeal on June 26.

## Discussion and Decision

[6] The State contends the juvenile court erred by concluding that it lacks subject-matter jurisdiction to hear a delinquency petition against B.H. It cites Indiana Code section 31-30-1-1(a)(1), which provides that a juvenile court generally has "exclusive original jurisdiction" when a "child" is alleged to be a delinquent child, and Indiana Code section 31-9-2-13(d)(2), which provides that "child" includes a person who—like B.H.—is eighteen, nineteen, or twenty but "is

charged with a delinquent act committed before the person's eighteenth birthday[.]"

[7] B.H. doesn't dispute that the juvenile court has subject-matter jurisdiction under these statutes and erred by ruling otherwise. Nonetheless, he argues that we shouldn't reverse the court's decision. He asks us to dismiss the appeal. He contends that the juvenile court's orders don't fall under Indiana Code section 35-38-4-2, which specifies when the State can appeal in delinquency cases. He also argues that even if the orders are appealable, they were final orders and the State should have filed a notice of appeal within thirty days of the motion to correct error being denied—by May 22—rather than following the procedure for a discretionary interlocutory appeal, which resulted in the notice of appeal not being filed until June 26. We conclude that the juvenile court's orders are appealable under Section 35-38-4-2. We also find that while the orders were final and the State used the wrong appeal procedure, deviation from our appellate rules under Appellate Rule 1 is appropriate in this case.

[8] Indiana Code section 35-38-4-2 limits the matters the State can appeal in adult criminal cases. The same statute applies in juvenile-delinquency cases. *See* Ind. Code § 31-37-13-6 ("The right of the state to appeal in a juvenile delinquency case is governed by IC 35-38-4-2."). The statute provides, in relevant part:

> (a) Appeals to the supreme court or to the court of appeals, as provided by court rules, may be taken by the state as of right in the following cases:

(1) From an order granting a motion to dismiss one (1) or more counts of an indictment or information.

(2) From an order granting a motion to discharge a defendant before trial for any reason, including delay commencing trial or after the defendant's plea of former jeopardy.

(3) From an order granting a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment.

(b) The state may appeal an interlocutory order to the supreme court or to the court of appeals, as provided by court rules, if the trial court certifies the appeal and the court on appeal finds that:

(1) the state will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

(2) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

(3) the remedy by appeal after judgment is otherwise inadequate.

I.C. § 35-38-4-2.

[9] We start and end with subsection (a)(1), which allows the State to appeal as a matter of right "[f]rom an order granting a motion to dismiss one (1) or more counts of an indictment or information." I.C. § 35-38-4-2(a)(1). "Indictment or information" is criminal-court terminology, but as noted above, the General Assembly has instructed us to apply the statute in the delinquency context. *See* I.C. § 31-37-13-6. Doing so here, we conclude that a juvenile court's rejection of a delinquency petition based on a perceived lack of subject-matter jurisdiction is comparable to dismissal of an indictment or information. Therefore, the State was entitled to appeal the juvenile court's orders under subsection (a)(1).

[10] As B.H. notes, our Supreme Court has held that a juvenile court's "discretionary decision" to disapprove a delinquency petition doesn't fall under subsection (a)(1). *State v. I.T.*, 4 N.E.3d 1139, 1142 (Ind. 2014). That was a reference to Indiana Code section 31-37-10-2(2), under which a juvenile court can disapprove the filing of a delinquency petition if it finds there is not probable cause to believe that (1) "the child is a delinquent child" or (2) "it is in the best interests of the child or the public that the petition be filed." Here, however, the juvenile court didn't make a "discretionary decision" to reject the State's filing. The court believed (incorrectly) that it lacked subject-matter jurisdiction and was therefore **required** to reject the State's filing. B.H. makes no argument why such a non-discretionary, threshold legal determination should be treated the same as a discretionary disapproval under Section 31-37-10-2(2). And it shouldn't be. Lack of subject-matter jurisdiction is a textbook

basis for dismissal of a case, so such a finding is the exact sort of ruling contemplated by Section 35-38-4-2(a)(1).[1]

[11] That said, the State followed the wrong appeal procedure. It treated the juvenile court's orders as interlocutory and used the procedure for a discretionary interlocutory appeal, asking the juvenile court to certify the orders and asking this Court to accept jurisdiction. *See* Ind. Appellate Rule 14(B). But the juvenile court's orders were not interlocutory. An interlocutory order is one that "does not determine the entire controversy." *In re Adoption of S.J.*, 967 N.E.2d 1063, 1066 (Ind. Ct. App. 2012). The juvenile court's orders brought a definitive end to the State's effort to prosecute B.H. The State asserts that "[t]he order disapproving the delinquency petition was a preliminary order," Appellant's Reply Br. p. 7, but it doesn't identify anything that remained to be done. Because the juvenile court's orders left nothing to be determined, they were final, and the State shouldn't have treated them as interlocutory. Instead, the State should have simply filed a notice of appeal with this Court within thirty days of the denial of its motion to correct error—by May 22. *See* App. R. 9(A)(1).

---

[1] In a related argument, B.H. asserts that we could affirm the juvenile court's decision under Section 31-37-10-2(2) because the court "was free to determine under these circumstances that it was not 'in the best interests of the child or the public that the petition be filed.'" Appellee's Br. p. 14. But, again, the court made clear that it disapproved the State's filing because it believed it lacked subject-matter jurisdiction. There is nothing in the record suggesting that the court even considered, let alone relied on, its statutory disapproval power. And even if the court had rejected the filing on that ground, we would dismiss the appeal, not affirm the decision, since *I.T.* held that such discretionary decisions are non-appealable.

[12] So we are left with a situation where the State was entitled to appeal under Section 35-38-4-2 but followed the wrong appeal procedure. We must decide whether to dismiss the appeal or to excuse the error under Appellate Rule 1, which provides that an appellate court "may, upon the motion of a party or the Court's own motion, permit deviation" from the appellate rules. Three facts lead us to invoke Appellate Rule 1. First, while the State didn't file a notice of appeal by May 22, it did meet the deadlines for seeking an interlocutory appeal. *See* App. R. 14(B). Second, while this is not actually an interlocutory appeal, both the juvenile court and this Court treated it as an interlocutory appeal and allowed the State to bring such an appeal. Third, no attorney entered an appearance for B.H., in either the juvenile court or this Court, until after those things had happened, so there was never any objection or opposition to the State's erroneous approach. This wasn't B.H.'s fault, but it helps explain how the appeal went down this path. For these reasons, we decline to dismiss the State's appeal, and we reverse the juvenile court's denial of the State's request to file a delinquency petition against B.H.

[13] Reversed.

Altice, C.J., and Crone, J., concur.

ATTORNEYS FOR APPELLANT
Theodore E. Rokita
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Mark K. Leeman
Leeman Law Office
Logansport, Indiana