


FILED
May 01 2026, 8:59 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

### E.D.,
*Appellant*

v.

### S.C.,
*Appellee*

---

May 1, 2026

Court of Appeals Case No.
25A-AD-1671

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Trial Court Cause No.
01C01-2404-AD-9

---

**Opinion by Judge Brown**
Judges Altice and DeBoer concur.

**Brown, Judge.**

[1] E.D. appeals from the trial court's order concluding that his consent to the adoption of his minor child, A.D. ("Child"), was not required. Concluding that the order from which E.D. appeals is not a final judgment or an appealable interlocutory order, we dismiss this appeal.

**Facts and Procedural History**

[2] Child was born in August 2012 to E.C. ("Mother") and E.D. On April 18, 2024, S.C. filed a Verified Petition for Adoption alleging that he married Mother in May 2023, that Mother consented to the adoption, that E.D. is Child's biological father and paternity has been established, and that E.D.'s consent was not required. E.D. filed a motion contesting the adoption. On February 7, 2025, the court held a hearing. On April 24, 2025, the court issued "Findings of Fact, Conclusions of Law, and Order on Father's Consent Requirement." Appellant's Appendix Volume II at 82. The court found that clear and convincing evidence was presented that E.D.'s consent was not required pursuant to Ind. Code § 31-19-9-8(1), (2)(a), and (2)(b). On May 27, 2025, E.D. filed a "Motion to Correct Error." *Id.* at 91 (capitalization omitted). The court denied the motion on June 10, 2025. E.D. filed a notice of appeal on July 9, 2025.

**Discussion**

[3] The parties do not raise the issue of whether the trial court's order is appealable. We address the issue sua sponte. *In re Adoption of S.J.*, 967 N.E.2d 1063, 1064

(Ind. Ct. App. 2012). Unless otherwise provided in the Indiana Rules of Appellate Procedure, this Court hears appeals from final judgments. Ind. Appellate Rule 5(A). E.D.'s notice of appeal classifies the trial court's April 24, 2025 order as a final judgment and cites Ind. Appellate Rule 2(H). Ind. Appellate Rule 2(H) provides in part that a judgment "is a final judgment if . . . it disposes of all claims as to all parties . . . ."[1] In *S.J.*, the trial court concluded that the father's consent to the adoption was not required but did not finalize the adoption. We held:

> Here, the trial court's September 9, 2011 order concluding that Father's consent to the adoption was not required did not dispose of all issues as to all parties or put an end to the case because the relief requested in the adoption petition, i.e. the adoption of S.J., was neither granted nor denied. Rather, the trial court ruled that, provided all other statutory requirements for the adoption were met, the petition could proceed to a final hearing. Accordingly, the trial court's September 9, 2011 order concluding that Father's consent to the adoption was not required is not a final judgment within the meaning of Appellate Rule 2(H)(1) because it left the

---

[1] Ind. Appellate Rule 2(H) provides:

A judgment is a final judgment if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule Criminal Rule 16; or

(5) it is otherwise deemed final by law.

> question of whether the adoption petition would be granted for future determination.

*S.J.*, 967 N.E.2d at 1065.

[4] In *In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017), the Indiana Supreme Court discussed the procedural implications when an appellant files a "premature" or untimely notice of appeal from a judgment that is not a final judgment. The Court discussed *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), which involved an untimely notice of appeal that was "belated," and held that a "reviewing court is not deprived of jurisdiction if the notice is untimely—meaning belated or premature." 68 N.E.3d at 578. The Court discussed the distinction between "jurisdiction" and "forfeiture" and explained that an appellant's untimely notice of appeal results in the forfeiture of the appellant's right to appeal, not the divestiture of an appellate court's appellate jurisdiction. *Id.* at 579. The Court explained that, when an appellant has forfeited his right to appeal, our appellate courts retain "jurisdiction to disregard the forfeiture and resolve the merits" of the untimely appeal. *Id.* The Court, however, emphasized that "it is never error for an appellate court to dismiss an untimely appeal." *Id.*

[5] In *Town of Ellettsville v. DeSpirito*, the Supreme Court clarified its holding in *D.J.*, noting that "[n]othing in *D.J.* eliminated or relaxed the requirements for appellate jurisdiction." 87 N.E.3d 9, 11 (Ind. 2017). Rather, "[i]t reaffirmed that the prerequisites for appellate jurisdiction are (1) entry of an appealable order by the trial court and (2) the trial court clerk's entry of the notice of

completion of the clerk's record on the chronological case summary ('CCS').' *Id.* The Court noted that in *D.J.*, "the trial court found the children to be CHINS, the parents then filed their separate notices of appeal, *the court thereafter entered its dispositional order*, and the clerk later filed the notice of completion of the clerk's record." *Id.* (emphasis added). The Court explained that, "[a]ppellate jurisdiction was secure in *D.J.* because the trial court entered its dispositional order—a final judgment—*before* the clerk entered the notice of completion of clerk's record on the CCS." *Id.*

[6] In *Town of Ellettsville*, however, the record on appeal showed no final judgment. The Indiana Supreme Court ultimately elected, "[f]or judicial economy under th[e] case's particular circumstances," to stay consideration of the appeal and remand the case to the trial court to decide whether to direct entry of judgment and make its interlocutory order a final judgment. 87 N.E.3d at 12. Nevertheless, the Court cautioned that, "in the overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal." *Id.*

[7] Here, as in *Town of Ellettsville*, no final judgment was issued. The trial court's April 24, 2025 order found that E.D.'s consent to the adoption was not necessary. However, the order did not dispose of all issues as to all parties, and it did not grant or deny the relief requested in S.C.'s petition for adoption. Accordingly, the order was not a final judgment under Ind. Appellate Rule 2(H)(1). Further, the April 24, 2025 order did not state that there was no just

reason for delay under Ind. Trial Rule 54, and the order is not a final judgment under the other subsections of Ind. Appellate Rule 2(H).

[8] As the April 24, 2025 order did not constitute a final judgment, E.D. is appealing from an interlocutory order. Parties are permitted to appeal certain interlocutory orders "as a matter of right" as provided in Ind. Appellate Rule 14(A).[2] The court's order does not fall under any of the categories in Ind. Appellate Rule 14(A). Thus, E.D. was not entitled to appeal the order as a matter of right. An appeal may be taken from other interlocutory orders if the trial court certifies its order and this Court accepts jurisdiction over the appeal, *see* Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that E.D. sought

---

[2] Ind. Appellate Rule 14(A) provides:

> Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the Clerk within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary:
>
> > (1) For the payment of money;
> >
> > (2) To compel the execution of any document;
> >
> > (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;
> >
> > (4) For the sale or delivery of the possession of real property;
> >
> > (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
> >
> > (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
> >
> > (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
> >
> > (8) Transferring or refusing to transfer a case under Trial Rule 75; and
> >
> > (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

certification from the trial court or permission from this Court to file a discretionary interlocutory appeal, and he has not stated a statutory right to appeal. As the trial court's April 24, 2025 order was not a final judgment or an appealable interlocutory order, we dismiss E.D.'s appeal.

[9] For the foregoing reasons, we dismiss.

[10] Dismissed.

Altice, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANT

Tiffany A. McCoy
The Law Office of Melissa Winkler-York
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Lierin A. Rossman
Stucky, Lauer & Young, LLP
Fort Wayne, Indiana